IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANTHONY RHODES, | No. C 06-7316 SBA (PR) |
| Petitioner, | **ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY AND SETTING BRIEFING SCHEDULE** |
| v. | |
| DERRAL G. ADAMS, Warden, | |
| Respondent. | |
| _____ | (Docket no. 11) |

Petitioner Troy Anthony Rhodes filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the instant petition for a writ of habeas corpus as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner opposes the motion. Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss without prejudice to renewing the motion as directed in this Order.

## BACKGROUND

In 2000, an Alameda County jury found Petitioner guilty of attempted murder, attempted voluntary manslaughter and rape. The trial court sentenced Petitioner to fifty-nine years to life in state prison. On May 31, 2002, the California Court of Appeal affirmed the judgment of the trial court. (Resp't Ex. A.) On August 21, 2002, the California Supreme Court denied his petition for review. (Resp't Ex. B.)

On October 15, 2003, Petitioner filed a state habeas petition in the Alameda County Superior Court, which was denied on October 23, 2003. (Resp't Ex. C.) On January 2, 2004, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on January 7, 2004. (Resp't Ex. D.) On December 30, 2005, Petitioner filed a habeas petition in the California Supreme Court, which was denied on September 20, 2006, citing to In re Robbins, 18 Cal.4th 770, 780 (1998). (Resp't Ex. E.)

On November 17, 2006, Petitioner filed the instant federal habeas petition.[1]

---

[1] A federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts. Saffold v. Newland, 250

**DISCUSSION**

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

Here, the judgment became final for purposes of state direct appeal when the California Supreme Court denied review on August 21, 2002. See Cal. Rule of Court 29.4(b)(2)(A) (subsequently renumbered as Cal. Rule of Court 8.532(b)(2)(A)). The judgment became final for purposes of the statute of limitations ninety days later, on November 19, 2002. See Bowen, 188

---

F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds by Carey v. Saffold, 122 S. Ct. 2134 (2002). This is known as "the mailbox rule." Id. The Court applies the "mailbox rule" to deem the petition filed on November 17, 2006, the date it was signed.

F.3d at 1159. The one-year limitations period, therefore, began to run on that date. Accordingly, Petitioner had until November 19, 2003 to file the instant petition. See 28 U.S.C. § 2244(d). Therefore, the instant federal habeas petition filed on November 17, 2006 -- almost three years after the limitations period had expired -- is untimely absent tolling.

**I.      Statutory Tolling**

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

The Court notes that 330 days passed between November 19, 2002, when the limitations period began running, and October 15, 2003, when Petitioner filed his state habeas petition in superior court. Pursuant to Carey, Petitioner is entitled to statutory tolling of the limitations period for the entire time he was pursuing state collateral relief. However, Respondent's position is that the seventy-one-day gap between the superior court's ruling and Petitioner's filing a petition in the California Court of Appeal as well as the eleven-month gap between the Court of Appeal's ruling and Petitioner's filing a petition in the California Supreme Court were periods of "unreasonable delay" and thus that the limitations period was not tolled for those periods. (Mot. to Dismiss at 3-4.) Respondent also argues against statutory tolling due to the fact that Petitioner's state court petitions were not "properly filed" because they were denied as untimely by the state courts. (Id. at 3 (citing

Pace v. DiGugliemo, 544 U.S. 408, 414 (2005).) Even if the Court determined that Petitioner was entitled to statutory tolling for the entire time he was pursuing state collateral relief, the petition would still be untimely because Petitioner waited too long to file his federal petition. After Petitioner pursued state collateral relief, the limitations period would have then started to run again after December 30, 2005.[2] However, because Petitioner only had thirty-five days (365 days minus 330 days) left, the statute of limitations expired on February 3, 2006. Therefore, Petitioner's federal habeas petition filed on November 17, 2006 is untimely by more than nine months unless Petitioner is entitled to equitable tolling.

## II.     Equitable Tolling

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288. "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to

---

[2] There is no dispute that the California Supreme Court's denial of Petitioner's state habeas petition was final on December 30, 2005. The Court notes that in 2002, the Ninth Circuit held that tolling under § 2244(d)(2) ended thirty days after the California Supreme Court's denial of the final habeas petition was filed because that was when the denial became "final" under former California Rule of Court 24. Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001)). However, the rationale of Allen only applies to denials the California Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court made clear that its orders denying petitions for a writ of habeas corpus within its original jurisdiction are final on filing. Cal. Rule of Court 8.532(b)(2)(C). Accordingly, the denial of Petitioner's state habeas petition within the California Supreme Court's original jurisdiction was final on the date of its filing, December 30, 2005.

4

him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Whether equitable tolling is in order turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

Petitioner claims that the untimeliness in filing his habeas petitions in state and federal court was "due to circumstances beyond his control, i.e., the failure of the prison library to properly maintain legal materials required by the AEDPA." (Opp'n at 2.) In support of his claim, Petitioner relies on Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2002). In Whalem/Hunt, the Ninth Circuit held that a prisoner's inability to learn about AEDPA's limitation period because there were no AEDPA materials available in the prison library may be grounds for equitable tolling. See 233 F.3d at 1148; see also Roy, 455 F.3d at 954-55 (pro se petitioners' inability to access information about AEDPA's limitation period deadline, when combined with their lack of knowledge of the deadline, constitutes an "extraordinary circumstance" that warrants equitable tolling, provided petitioners acted with due diligence). Although directed to do so, Respondent did not file a reply to Petitioner's opposition. As such, Respondent has not addresses whether Petitioner is entitled to equitable tolling. Accordingly, the Court DENIES Respondent's motion to dismiss without prejudice to renewing the motion and addressing the issues of equitable tolling raised in Petitioner's opposition.

## **CONCLUSION**

For the foregoing reasons,

1. Respondent's motion to dismiss the petition as untimely (docket no. 11) is DENIED without prejudice to renewing the motion and addressing the issues set forth above no later that **sixty (60) days** of the date of this Order. If Respondent chooses to file a renewed motion, Petitioner shall file with the Court and serve on Respondent an opposition no later than **forty-five (45) days** of his receipt of the renewed motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

2. Should Respondent choose not to file a renewed motion to dismiss within the sixty-day time frame, Respondent is directed to SHOW CAUSE why the petition should not be granted and the parties shall abide by the scheduling order below:

    a. Respondent shall file with this Court and serve upon Petitioner, no later than

5

**sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

      b.      If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

      3.      It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

      4.      Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

      5.      Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

      6.      This Order terminates Docket no. 11.

IT IS SO ORDERED.
DATED: 3/20/08

                                                _Saundra B Armstrong_
                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TROY A RHODES,

        Plaintiff,

v.

KEN CLARK et al,

        Defendant.

Case Number: CV06-07316 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy Anthony Rhodes
SATF
Prisoner #:P-86788/1-D-141L
California State Prison-Corcoran
P.O. Box 5242
Corcoran, CA 93212

Dated: March 24, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.06\Rhodes7316.denyMTD(sol).frm     7