IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANTHONY RHODES,<br><br>    Petitioner,<br><br>v.<br><br>DERRAL G. ADAMS, Warden,<br><br>    Respondent. | No. C 06-7316 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S RENEWED MOTION TO DISMISS PETITION AS UNTIMELY**<br><br>(Docket no. 14) |

Petitioner Troy Anthony Rhodes filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's renewed motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has filed an opposition, and Respondent has filed a reply.

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's renewed motion to dismiss.

**BACKGROUND**

As discussed in the Court's March 20, 2008 Order denying Respondent's previously filed motion to dismiss, the following procedural background is undisputed:

> In 2000, an Alameda County jury found Petitioner guilty of attempted murder, attempted voluntary manslaughter and rape. The trial court sentenced Petitioner to fifty-nine years to life in state prison. On May 31, 2002, the California Court of Appeal affirmed the judgment of the trial court. (Resp't Ex. A.) On August 21, 2002, the California Supreme Court denied his petition for review. (Resp't Ex. B.)
>
> On October 15, 2003, Petitioner filed a state habeas petition in the Alameda County Superior Court, which was denied on October 23, 2003. (Resp't Ex. C.) On January 2, 2004, Petitioner filed a state habeas petition in the California Court of Appeal, which was denied on January 7, 2004. (Resp't Ex. D.) On December 30, 2005, Petitioner filed a habeas petition in the California Supreme Court, which was denied on September 20, 2006, citing to In re Robbins, 18 Cal.4th 770, 780 (1998). (Resp't Ex. E.)

On November 17, 2006, Petitioner filed the instant federal habeas petition.[1]

(Mar. 20, 2008 Order at 1-2.)

On June 25, 2007, Respondent filed a motion to dismiss the petition as untimely. On July 30, 2007, Petitioner filed an opposition. Respondent did not file a reply.

In the March 20, 2008 Order, the Court states that even if it determined that Petitioner was entitled to statutory tolling for the entire time he was pursuing state collateral relief, the petition would still be untimely because he waited too long to file his federal petition:

> After Petitioner pursued state collateral relief, the limitations period would have then started to run again after December 30, 2005. However, because Petitioner only had thirty-five days (365 days minus 330 days) left, the statute of limitations expired on February 3, 2006. Therefore, Petitioner's federal habeas petition filed on November 17, 2006 is untimely by more than nine months unless Petitioner is entitled to equitable tolling.

(Id. at 4 (footnote omitted).) The Court, however, noted that Petitioner had raised equitable tolling in his opposition filed on July 30, 2007, stating that:

> Petitioner claims that the untimeliness in filing his habeas petitions in state and federal court was "due to circumstances beyond his control, i.e., the failure of the prison library to properly maintain legal materials required by the AEDPA." (Opp'n at 2.) In support of his claim, Petitioner relies on Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000). In Whalem/Hunt, the Ninth Circuit held that a prisoner's inability to learn about AEDPA's limitation period because there were no AEDPA materials available in the prison library may be grounds for equitable tolling. See 233 F.3d at 1148; see also Roy, 455 F.3d at 954-55 (pro se petitioners' inability to access information about AEDPA's limitation period deadline, when combined with their lack of knowledge of the deadline, constitutes an "extraordinary circumstance" that warrants equitable tolling, provided petitioners acted with due diligence).

(Mar. 20, 2008 Order at 5.) Because Respondent did not file a reply, the Court denied the motion to dismiss without prejudice to renewing the motion and addressing the issues of equitable tolling raised in Petitioner's opposition. (Id.)

On April 3, 2008, Respondent filed a renewed motion to dismiss the petition as untimely. On

---

[1] A federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds by Carey v. Saffold, 122 S. Ct. 2134 (2002). This is known as "the mailbox rule." Id. The Court applies the "mailbox rule" to deem the petition filed on November 17, 2006, the date it was signed.

May 28, 2008, Petitioner filed an opposition. On June 9, 2008, Respondent filed a reply.

**DISCUSSION**

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period may start running from the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A).

The petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), abrogated on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005). "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitations period can also be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Beeler, 128 F.3d at 1288.

The Court determined in its March 20, 2008 Order that the instant federal habeas petition is untimely absent tolling:

> Here, the judgment became final for purposes of state direct appeal when the California Supreme Court denied review on August 21, 2002. See Cal. Rule of Court 29.4(b)(2)(A) (subsequently renumbered as Cal. Rule of Court 8.532(b)(2)(A)). The judgment became final for purposes of the statute of limitations ninety days later, on November 19, 2002. See Bowen, 188 F.3d at 1159. The one-year limitations period, therefore, began to run on that date. Accordingly, Petitioner had until November 19, 2003 to file the instant petition. See 28 U.S.C. § 2244(d). Therefore, the instant federal habeas petition filed on November 17, 2006 -- almost three years after the limitations period had expired -- is untimely absent tolling.

(Mar. 20, 2008 Order at 2-3.)

As mentioned above, the Court has already determined that statutory tolling does not save the instant petition from being time barred. Relying on Whalem/Hunt, Petitioner has argued that the unavailability of AEDPA materials at the prison law library constituted an impediment to his filing a timely federal petition and also provides grounds for equitable tolling of the limitations period. See Whalem/Hunt, 233 F.3d at 1148 (holding that the unavailability of AEDPA materials in prison law library may warrant equitable tolling or a delayed commencement of the limitations period pursuant to § 2244(d)(1)).). Therefore, the Court must determine whether Petitioner is entitled to equitable tolling or a delayed commencement of the limitations period.

"When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner claims that he is entitled to equitable tolling because the law library at the California Substance Abuse Treatment Facility and State Prison (CSP-SATF), where he was

4

incarcerated, failed "to properly maintain legal materials required by the AEDPA." (July 30, 2007 Opp'n at 2.) He claims that "prior to mid-2006, the law library where Petitioner is housed failed to keep updated materials associated with the AEDPA such as timeliness statutes and the like." (May 28, 2008 Opp'n at 2.) He specifically claims that "the main source of federal habeas corpus information held by the prison law library came from two outdated sources." (Id.) He alleges that these two sources, the "United States Code Annotated" and the "Liebman & Hertz, Federal Habeas Corpus Practice (2nd [ed.]) (1994)," were not updated and thus the "information available to Petitioner was pre-AEDPA until the placement of the WESTLAW Premise 4.0 system." (Id.) He alleges that "the law library did not start obtaining updated materials until late 2005, and finally in 2006 the prison law library was given a Premise 4.0 system (WESTLAW) . . . ." (July 30, 2007 Opp'n at 3.) Thus, based on the aforementioned allegations, Petitioner could have learned of the one-year statute of limitations at the earliest when he alleges the prison law library began obtaining updated materials in "late 2005," which was about a year before he filed the instant petition on November 17, 2006.

The Ninth Circuit has suggested that a petitioner's inability to access information about the statute of limitations deadline may warrant equitable tolling. See Whalem/Hunt, 233 F.3d at 1148. In Whalem/Hunt, the petitioner claimed that the prison law library did not have materials setting forth AEDPA's one-year limitations period. The Ninth Circuit reversed the dismissal of the petition as untimely because the record did not establish that "there are no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(c)(1)(B) or to equitable tolling." Id. at 1149. The court remanded for a factual determination as to whether AEDPA materials were available to petitioner more than a year before he filed his habeas petition. Id.

There is no need for development of the facts in this case because Respondent has provided competent evidence from which a reasonable inference can be drawn that AEDPA materials were available at the CSP-SATF law library since November, 2002, which was when Petitioner's one-year

1 limitations period began to run. Respondent has submitted the declaration of Pedro Figueroa,
2 Library Technical Assistant (LTA) at CSP-SATF, who has worked at that facility since November,
3 2001. (Figueroa Decl. ¶ 1.) According to LTA Figueroa:

> [S]ince November 2002, the prison law library at this facility contained the publication entitled The California State Prisoners Handbook (3d ed., 2001). Based on our usual practices, the law library would have received this publication shortly after the new edition became available in 2001, as we have an ongoing contract with the publisher. This publication contains a section outlining and explaining the . . . AEDPA, including the one-year statute of limitations.

(Id. ¶ 3.) Attached to his declaration are copies from the relevant pages from The California State Prisoners Handbook regarding the one-year statute of limitations. (Id., Ex. A.) LTA Figueroa also states that the prison law library had another similar publication, which was available to Plaintiff since November, 2002:

> . . . the prison law library at this facility contained the publication Federal Habeas Corpus Practice and Procedure (2nd ed.), 1997 Cumulative Supplement to Volumes 1 and 2. Based on our usual practices, the law library would have received this publication shortly after the new supplement became available in 1997. This publication contains a section outlining and explaining the one-year statute of limitations.

(Id. ¶ 4.) Again, he has attached copies of the relevant pages from the Federal Habeas Corpus Practice and Procedure regarding the one-year statute of limitations. (Id., Ex. B.) The fact that Petitioner's claim that he was unaware of AEDPA's one-year limitations period until he alleges the law library materials were updated in "late 2005," does not mean that AEDPA materials were not available to him in the law library before that time. Moreover, while Petitioner claims he only relied on the two aforementioned outdated sources, Respondent has produced evidence that more updated publications were available to him in the law library as early as November, 2002.

In sum, Petitioner has alleged that AEDPA materials were not available to him until "late 2005," about a year before he filed his federal petition. However, Respondent has presented evidence that AEDPA materials were in fact available at the CSP-SATF law library as early as November, 2002, four years before the instant petition was filed. As a result, there is no basis for equitable tolling of the limitations period. The Court concludes that Petitioner has not shown "that

6

this extraordinary exclusion should apply to him." Miranda, 292 F.3d at 1065. Petitioner is not entitled to equitable tolling; therefore, the instant petition is untimely.

For the same reason that the alleged absence of AEDPA materials in the prison law library did not result in equitable tolling, it was not "an impediment to filing an application created by State action in violation of the Constitution or laws of the United States" that delayed the beginning of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Petitioner bears the burden of demonstrating that an impediment created by state action in violation of the Constitution prevented him from filing his habeas petition within the statutory period. See id. Petitioner has failed to demonstrate that this alleged state-created impediment, the failure of the CSP-SATF law library to update their materials, was the but-for and proximate cause of his failure to file a timely federal petition. The record shows that Petitioner was able to file his first state habeas petition in the superior court sixty-five days before the limitations period expired. See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (Whether a prisoner has been able to file a prior state habeas petition is a factor in determining whether he was unable to timely file a petition in federal court, unless the prisoner has shown a significant change in conditions since the filing of that application.). Thus, the alleged absence of AEDPA materials in the prison law library did not constitute state-created impediment to Petitioner filing his federal petition because he was able to file his state habeas petition before the limitations period for filing his federal petition expired. In addition, Petitioner acknowledges that he had access to legal materials that were not available at the CSP-SATF law library by taking advantage of "an outside contract the prison system had with the state law library." (July 30, 2007 Opp'n at 5.) Therefore, Petitioner's argument that he is entitled to a delayed commencement of the limitations period also fails.

Petitioner's federal petition was filed on November 17, 2006 -- almost three years after the deadline to do so. Petitioner has not presented evidence which entitles him to equitable tolling or to a delayed commencement of the statute of limitations such that his petition can be considered timely. Therefore, the petition must be dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1). Accordingly, Respondent's renewed motion to dismiss is GRANTED.

## **CONCLUSION**

For the foregoing reasons, Respondent's renewed motion to dismiss the petition as untimely (docket no. 14) is GRANTED.  The petition hereby is DISMISSED with prejudice.

The Clerk shall terminate all pending motions, enter judgment, and close the file.

This Order terminates Docket no 14.

IT IS SO ORDERED.

DATED: 3/16/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TROY A RHODES,

        Plaintiff,

v.

KEN CLARK et al,

        Defendant.

Case Number: CV06-07316 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy Anthony Rhodes
SATF
Prisoner #:P-86788/1-D-141L
California State Prison-Corcoran
P.O. Box 5242
Corcoran, CA 93212

Dated: March 16, 2009

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk